**The STATE of Ohio, Appellant,**

v.

**WEBBER, Appellee.**

[Cite as *State v. Webber* (1995), 101 Ohio App.3d 78.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2270–M.

Decided Feb. 8, 1995.

*Dean Holman,* Medina County Prosecuting Attorney, and *Robert B. Campbell,* Assistant Prosecuting Attorney, for appellant.

*Joseph A. Dubyak* and *Paul V. Wolf,* for appellee.

DICKINSON, Judge.

The state has appealed from the dismissal of an indictment by the Medina County Court of Common Pleas. The trial court determined that the prosecution of defendant Edward Webber for rape and sexual battery had not been commenced within the applicable statute of limitations. The state has argued that the trial court incorrectly determined that the statute of limitations in prosecutions for child sexual abuse begins to run when the alleged victim reaches the age of eighteen. This court affirms the trial court's dismissal of the indictment against defendant because it correctly determined that the statute of limitations ran from the time the alleged victim reached the age of majority.

I

Defendant allegedly sexually abused his daughter between 1978 and 1981. The daughter turned eighteen on July 23, 1986, and, according to the state, first revealed the alleged sexual abuse to her mother's attorney during 1987.

Defendant was indicted on December 21, 1992, more than six years after the alleged victim turned eighteen, but less than six years after she revealed the alleged abuse to her mother's attorney. On April 8, 1993, defendant moved the trial court to dismiss the indictment against him on the ground that the prosecution had not been commenced within the six-year limitations period set forth in R.C. 2901.13(A)(1). The state responded that the statute of limitations had not expired because the prosecution had been commenced within six years after the time that the victim's mother's attorney, a person within the coverage of R.C. 2151.421, first learned of defendant's alleged acts and the criminal nature of those acts. The trial court dismissed the indictment against defendant on September 27, 1993, and the state timely appealed to this court.

II

The state's assignment of error is that the trial court incorrectly determined that the six-year statute of limitations applicable to rape and sexual battery began to run when defendant's daughter turned eighteen. R.C. 2901.13(A)(1) provides that a prosecution for certain crimes, including rape and sexual battery, is barred unless it is commenced within six years after the offense was committed. Subsection (F) of R.C. 2901.13, however, provides that "[t]he period of limitations shall not run during any time when the corpus delicti remains undiscovered." The state has correctly pointed out that, in *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711, syllabus, the Ohio Supreme Court held:

"For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."

It has also correctly pointed out that a victim of alleged child abuse is not among the "responsible adults" listed in R.C. 2151.421.

*Hensley* was a prosecution of a defendant for sexually abusing a number of children. He was convicted of offenses related to five different children, including a sister and brother identified as Samantha and Christopher. The Court of Appeals for Montgomery County reversed the convictions related to Samantha and Christopher based upon its conclusion that the prosecution had not been commenced within six years of the alleged crimes against them. In doing so, the court of appeals held, in connection with R.C. 2901.13(F), that the children's knowledge of defendant's actions, coupled with their recognition of the criminal nature of those actions, was sufficient to cause the statute of limitations to run. The Supreme Court, however, determined that a child victim's knowledge that he or she has been sexually abused, even when that knowledge is coupled with an appreciation of the criminal nature of the abuse, does not amount to discovery of the corpus delicti:

"[E]ven though a child of tender years may know that an act committed against him or her is wrong or even criminal, we are unwilling to impose the burden to contact the authorities on an already traumatized and susceptible child." *Id.* at 139, 571 N.E.2d at 714.

The Supreme Court, however, refused to read R.C. 2901.13(F) as expansively as the state urged in *Hensley:*

"[W]e cannot agree with the state's argument that the statute of limitations begins to run under R.C. 2901.13(F) only when the prosecutor or other law enforcement agencies discover the corpus delicti of the crime. Such a rule of law could subject a person to criminal liability indefinitely with virtually no time limit, and thus frustrate the legislative intent of a statute of limitations on criminal prosecutions. We point * * * to the Committee Comment * * * which provides that '[t]he rationale for limiting criminal prosecutions is that they should be based on reasonably fresh, and therefore more trustworthy evidence.' Hence we will not authorize such an expansive reading of R.C. 2901.13(F)." *Id.* at 139, 571 N.E.2d at 714.

In striking a balance between the need for a prosecution to be based on "reasonably fresh" evidence and a recognition that a "traumatized and susceptible child" should not be expected to contact authorities, the Supreme Court looked to R.C. 2151.421. That section requires certain categories of individuals to report incidents of child abuse about which they learn while acting in an official or

professional capacity. The Supreme Court concluded that the corpus delicti of child abuse is discovered, within the meaning of R.C. 2901.13(F), when an individual within one of the categories listed in R.C. 2151.421 learns of the act and its criminal nature.

In *Hensley*, the corpus delicti was discovered when Samantha's and Christopher's "therapists/counselors" learned of their alleged sexual abuse. That occurred prior to the date upon which they turned eighteen. The question of whether their turning eighteen would have constituted discovery of the corpus delicti, therefore, was not before the Supreme Court. Accordingly, *Hensley* does not control the outcome of this case.

The Court of Appeals for the Eighth District considered facts similar to those presented by this case in *State v. McGraw* (June 16, 1994), Cuyahoga App. No. 65202, unreported, 1994 WL 264401. In that case, as in this case, an alleged victim of child sexual abuse turned eighteen before an individual within one of the categories listed in R.C. 2151.421 learned of the alleged abuse. She first disclosed the alleged abuse to two common pleas judges when she was twenty-nine years old. The defendant was indicted more than thirteen years after the last alleged abuse, and more than eleven years after the alleged victim turned eighteen. The court of appeals affirmed the trial court's dismissal of the indictment. In doing so, it reasoned that to accept an argument that the statute of limitations in a child abuse case never begins to run until a person listed in R.C. 2151.421 learns of the alleged crime would permit tolling of the statute indefinitely:

"Under the State's theory that the victim herself was not a responsible adult, the statute of limitations could be tolled indefinitely, no matter what the circumstances, until she told another adult. As a logical matter, as long as the victim kept it to herself, she could wait until she was well into middle age to disclose the abuse and then the State would still have six years to indict. We do not believe that the legislature could have intended such an absurd result by the enactment of R.C. 2901.13(F)." *Id.* at 3.

This court agrees with the conclusion reached by the court in *McGraw*. A requirement that a victim of child abuse who is fully aware of the abuse and its criminal nature contact proper authorities in sufficient time for a prosecution to be commenced within six years after that victim reaches the age of majority strikes an appropriate balance between the need for a prosecution to be based on "reasonably fresh" evidence and a recognition that a "traumatized and susceptible child" should not be expected to contact authorities. Such a balance appears to be consistent with the legislature's intent in adopting R.C. 2901.13(F) and the Ohio Supreme Court's reasoning in *Hensley*.

The state has argued in this case that adoption of a rule that the corpus delicti of child sexual abuse is discovered when a victim reaches eighteen with knowledge of the defendant's conduct and its criminal nature "fails to recognize the unique nature of child sex abuse":

"The [trial court's] ruling assumes that upon reaching 18 years of age a child sex victim is magically cured of the emotional and mental anguish the *Hensley* court recognized. To the contrary, this emotional and mental anguish may continue well into the victim's adult years."

Clearly, a victim of child sexual abuse is not magically cured upon reaching the age of eighteen. Similarly, a victim of sexual abuse who is over the age of eighteen at the time the abuse occurs is not free of emotional and mental trauma, trauma that may cause that victim to hesitate to report the abuse to proper authorities. It is necessary in the law, however, to strike balances and draw lines, even though the balances struck and the lines drawn may not appear just in all cases. As stated above, this court is convinced that the balance struck by the court in *McGraw* properly took into account the competing interests at issue.

■ The state has also suggested that, if this court were to conclude, as it has, that the corpus delicti of child sexual abuse is discovered when the victim of that abuse turns eighteen, it should adopt a rule that the statute of limitations is tolled if the victim is unable to recall the alleged abuse at that time. The state neither made this argument to the trial court nor presented any evidence that defendant's daughter was, in fact, unable to recall the alleged abuse at the time she turned eighteen. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Accordingly, this court declines to consider whether a victim's inability to recall incidents of abuse at the time he or she turns eighteen would continue the tolling of the applicable statute of limitations in this criminal context. See *Herald v. Hood* (July 21, 1993), Summit App. No. 15986, unreported, 1993 WL 277541; *Ault v. Jasko* (Feb. 24, 1993), Lorain App. No. 5344, unreported, 1993 WL 46658.[1]

The six-year statute of limitations began to run when defendant's daughter reached majority. The trial court correctly dismissed. the indictment against defendant because over six years elapsed between the date his daughter turned

---

1. Reporter's Note: *Ault v. Jasko* was affirmed by the Supreme Court of Ohio in (1994), 70 Ohio St.3d 114, 637 N.E.2d 870.

eighteen and the date he was indicted. The state's assignment of error is overruled.

## III

The state's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.