The STATE of Ohio, Appellant,

v.

HUGHES, Appellee.

[Cite as *State v. Hughes* (1994), 92 Ohio App.3d 26.]

Court of Appeals of Ohio,
Brown County.

No. CA93–07–008.

Decided Jan. 10, 1994.

R. *Alan Corbin,* Brown County Prosecuting Attorney, for appellant.

*Rosenhoffer, Nichols & Schwartz* and *Gary A. Rosenhoffer,* for appellee.

KOEHLER, Judge.

Plaintiff-appellant, state of Ohio, appeals a decision of the Brown County Court of Common Pleas dismissing an indictment against defendant-appellee, Charles William Hughes.

On March 25, 1993, the Brown County Grand Jury returned a thirty-count indictment against appellee. The charges were all sex offenses, some of which

allegedly occurred as early as 1965. The latest felony allegedly occurred in 1981 and the latest misdemeanor in 1986.

On April 1, 1993, appellee filed a motion to dismiss arguing, among other things, that the statute of limitations had run for all the offenses. Subsequently, the parties stipulated that all of the alleged victims had attained the age of twenty-four years prior to reporting the abuse to the Brown County Prosecuting Attorney in the summer of 1992 and prior to the filing of the indictment. The trial court granted appellee's motion to dismiss, finding all counts of the indictment were barred by the statute of limitations. This appeal followed.

In its sole assignment of error, the state contends that the trial court erred in dismissing the indictment on the basis that the charges were barred by the statute of limitations. It argues that, pursuant to *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711, the statute of limitations was tolled until the victims reported the abuse to the prosecuting attorney in the summer of 1992. We find this assignment of error is not well taken.

■ Statutes of limitations are designed to ensure that criminal prosecutions are based upon reasonably fresh and, therefore, more trustworthy evidence. Committee Comment to R.C. 2901.13; *Hensley, supra,* at 138, 571 N.E.2d at 713. One of their key purposes is to " 'foreclose the potential for *inaccuracy* and *unfairness* that stale evidence and dull memories may occasion in an unduly delayed trial.' " (Emphasis *sic.*) *State v. Allied Pest Control* (Dec. 1, 1986), Preble App. No. CA85–12–023, unreported, at 11–12, 1986 WL 13436, quoting *United States v. Levine* (C.A.3, 1981), 658 F.2d 113, 127. See, also, *Toussie v. United States* (1970), 397 U.S. 112, 114–115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 160–162. The state bears the burden to establish that the offense occurred within the applicable statute of limitations. *State v. Young* (1981), 2 Ohio App.3d 155, 157, 2 OBR 171, 172, 440 N.E.2d 1379, 1381.

■ R.C. 2901.13(A) provides that the statute of limitations for a felony other than murder or aggravated murder is six years and two years for a misdemeanor other than a minor misdemeanor. R.C. 2901.13(F) further provides that "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered."

The state relies upon *Hensley, supra,* in which the Ohio Supreme Court held in the syllabus that "[f]or purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." The court reasoned:

"Statutes and case law in Ohio, as well as the rest of the country, seek to protect and ensure the safety of children of tender age. It is common knowledge

in child sex abuse cases that the victims often internalize the abuse, and in some instances blame themselves, or feel somehow that they have done something wrong. Moreover, the mental and emotional anguish that the victims suffer frequently inhibits their ability to speak freely of the episodes of abuse. For these reasons, we reject the court of appeals' holding that because the children in the present case understood the wrongness of appellee's acts, the corpus delicti of the crime was discovered by them. * * * In other words, even though a child of tender years may know that an act committed against him or her is wrong or even criminal, we are unwilling to impose the burden to contact the authorities on an already traumatized and susceptible child." *Id.,* 59 Ohio St.3d at 138–139, 571 N.E.2d at 714.

However, the court rejected the state's argument that the statute of limitations begins to run only when the prosecutor or other law enforcement agencies discover the *corpus delicti* of the crime. The court stated:

"Such a rule of law could subject a person to criminal liability indefinitely with virtually no time limit, and thus frustrate the legislative intent of a statute of limitations on criminal prosecutions. * * * [W]e will not authorize such an expansive reading of R.C. 2901.13(F).

"Our objective is to strike a proper balance between the need to place some restriction on the time period within which a criminal case may be brought, and the need to ensure that those who abuse children do not escape criminal responsibility for their actions." *Id.* at 139, 571 N.E.2d at 714.

In granting appellee's motion to dismiss, the trial court relied upon *State v. Pfouts* (C.P.1992), 62 Ohio Misc.2d 587, 609 N.E.2d 249, in which the child-abuse victim, who was fourteen at the time the abuse occurred, did not report it to authorities until she reached age twenty-one. The court held that the misdemeanor charge was barred by the two-year statute of limitations in R.C. 2901.13(A). It distinguished *Hensley* on the basis that in *Hensley* the victims were still children at the time the criminal prosecutions were brought, while in *Pfouts* the victim had attained the age of majority more than two years prior to the time prosecution was initiated. *Id.* at 589, 609 N.E.2d at 250. The court went on to state:

"To apply *Hensley* in an open-ended fashion permitting the prosecution of child sexual offenses at any time later in the victim's life when the crime may first be reported to an R.C. 2151.421 responsible adult would open the door to such prosecutions long after the act and fly in face of the rationale for limiting criminal prosecutions as set forth in the Committee Comment and adopted by the Ohio Supreme Court in *Hensley,* and require those accused to possibly defend against charges, the evidence for which is obscured by the passage of time. As pointed out by the Court of Appeals for Summit County in *State v. Sutter* (Nov. 15, 1989),

No. 13749, unreported, at 9, '[e]xceptions to the running of the statute must be narrowly construed in favor of the accused.'

"Yet, we do recognize that if a victim is suffering from internalization or inhibitions brought on by physical, mental or emotional conditions which limit the victim's acknowledgement of the act or recognition of the illegal nature of the act, it may be possible for the *corpus delicti* not to be 'discovered' until after the attainment of majority.

"For this reason, we find that the child-abuse victim in the instant case is presumed to have understood and acknowledged the act and the criminal nature of the act upon attaining the age of majority; and, absent a showing to the contrary rebutting such presumption, the tolling of the statute of limitations with regard to that act ceased upon the child-victim's attaining the age of eighteen years.

"By so ruling we are not, in the words of the court in *Hensley*, imposing the burden to contact the authorities on an already traumatized and susceptible child of tender years, but we are imposing that burden on one who has attained majority and who is free of internalization or undue inhibitions brought on by factors beyond the victim's control." *Id.*, 62 Ohio Misc.2d at 589–590, 609 N.E.2d at 250–251.

We find the reasoning in *Pfouts* to be persuasive. A contrary rule would mean that there is virtually no statute of limitations for child abuse cases and would give rise to situations such as in the present case where the defendant could be charged with offenses that occurred twenty or thirty years ago. See *In re C.* (Juv.1991), 61 Ohio Misc.2d 610, 614, 580 N.E.2d 1182, 1184. The charges in the present case are too remote in time to allow appellee a reasonable opportunity to defend himself, the very problem statutes of limitations are designed to prevent. Absent a showing that the victims did not understand the criminal nature of the act upon attaining the age of majority, the tolling of the statute of limitations ceased when the victims reached the age of majority. The victims were all over twenty-four years of age before they reported the alleged abuse to a person listed in R.C. 2151.421, in this case the prosecuting attorney. They did not report the felonies within six years and the misdemeanors within two years of reaching the age of majority; therefore, the prosecution is barred by the statute of limitations. Accordingly, the trial court did not err in granting appellee's motion to dismiss. The state's sole assignment of error is overruled.

*Judgment affirmed.*

FRED E. JONES, P.J., concurs.

WALSH, J., dissents.

WALSH, Judge, dissenting.

I must respectfully dissent from the majority's decision because I feel the majority has not followed the Ohio Supreme Court's pronouncement on this issue, set forth in *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711. In *Hensley*, the Ohio Supreme Court interpreted R.C. 2901.13(F) to provide that the *corpus delicti* of crimes involving child abuse or neglect is discovered, thereby triggering the running of the applicable statute of limitations, when a responsible adult, as listed in R.C. 2151.421, has knowledge of the crime. See *id.* at syllabus. Because the prosecution in the present case was commenced within the applicable limitations period from the reporting of the incidents of child sex abuse to one of the statutorily listed persons, the prosecution should not be barred.

The majority argues that applying the *Hensley* rule to toll the statute of limitations beyond the victim's attaining the age of majority would result in virtually no statute of limitations for child abuse cases. Nothing in *Hensley* or the statute, however, indicates that incidents of child abuse must be reported before the victim reaches the age of majority or within the applicable limitations period thereafter. Had the General Assembly intended discovery of the *corpus delicti* of the crime and the running of the statute of limitations to be triggered upon the victim's attainment of the age of majority, then R.C. 2901.13(F) would have specifically so provided. Accord, R.C. 2305.16, which explicitly provides that the statute of limitations for civil actions begins to run upon a civil plaintiff's attainment of the age of majority.

The Ohio Supreme Court stated, in *Hensley*, that its "rule of law" for commencing the running of the statute of limitations on incidents of child abuse is to "strictly adhere" to knowledge attained by only those persons listed in R.C. 2151.421 and does not apply to parents of the victim or the victim himself. See *Hensley*, 59 Ohio St.3d at 141, 571 N.E.2d at 716. The court made no distinction between whether or not the victim was still a minor when the abuse was reported. The majority, in following the decision of the Wood County Court of Common Pleas in *State v. Pfouts* (1992), 62 Ohio Misc.2d 587, 609 N.E.2d 249, and in making such a distinction, has limited *Hensley* in a way the Ohio Supreme Court did not intend.

*Hensley* did not include parents within the list of persons whose discovery of child abuse triggers the running of the statute of limitations because the court recognized that "a parent, for sundry reasons, may not always report the alleged sexual abuse or neglect in a timely manner." *Id.,* 59 Ohio St.3d at 141, 571 N.E.2d at 716. This is even more true of the victim himself. The *Hensley* court noted that child sex abuse victims often internalize the abuse and do not speak out because of feelings of guilt, embarrassment, or mental anguish. *Id.* at 138– 139, 571 N.E.2d at 713–714. In many instances, the long-term psychological and

emotional traumatic impact of having been sexually abused may extend into adulthood, even though the incidents of abuse may have occurred while the victim was still a minor. By including the victim upon attaining the age of majority as an individual for purposes of discovery of the *corpus delicti* and running of the statute of limitations, the majority has failed to "strictly adhere" to only those statutorily designated persons.

In following the *Pfouts* case, the majority has effectively placed the burden on the victim to report the abuse or be forever barred from bringing charges. The *Hensley* court specifically indicated it was not willing to do this. See *id.* at 139, 571 N.E.2d at 714. *Pfouts* placed the burden on "one who has attained majority and who is free of internalization or undue inhibitions." *Pfouts, supra,* 62 Ohio Misc.2d at 590, 609 N.E.2d at 251. However, it would be extremely difficult for a court to determine whether or when a victim is free of such internalization or inhibitions without extensive psychological examination and testimony. Such a subjective test would prove unworkable. *Hensley,* on the other hand, provides a clear, workable rule which takes into account not only the rights of the criminal defendant but also the special problems encountered by victims of child sex abuse, irrespective of whether the victim has attained the age of majority at the time the abuse is reported.

Because the prosecution in the present case was commenced within the applicable limitations period from the reporting of the incidents of abuse to one of the statutorily listed persons, I would reverse the trial court's dismissal of the indictment against appellee.