**The STATE of Ohio, Appellee,**

**v.**

**ELSASS, Appellant.**

[Cite as *State v. Elsass* (1995), 105 Ohio App.3d 277.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APA01–98.

Decided July 25, 1995.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Steven L. Taylor,* Assistant Prosecuting Attorney, for appellee.

*David J. Graeff,* for appellant.

---

LAZARUS, Judge.

On November 9, 1993, appellant George Elsass was indicted on four counts of rape, three counts of gross sexual imposition, and one count of kidnapping. The indictment alleged that appellant had committed these crimes against Julie McDevitt, who was under the age of thirteen at the time. The period alleged in the indictment was from January 1, 1980 through November 25, 1984. During the time period of the indictment, McDevitt's age ranged from approximately eight years through twelve years.

Appellant filed a motion to dismiss based on the statute of limitations. An evidentiary hearing was held on the motion to dismiss, and the following facts were established.

McDevitt testified that appellant molested her when she was a child. She remembered four specific instances, three of which occurred at appellant's home, and one of which happened at a park in Westerville. Appellant had moved into a home located in a cul-de-sac behind McDevitt's home in January 1980.

McDevitt described in detail a children's bedroom where one of the incidents took place on an evening when she was babysitting. Two of the incidents occurred in the basement of the home. She recalled that one of the incidents happened near a bookshelf in the basement, and the other occurred near a toy area in the basement. In the park incident, the molestation occurred in appellant's blue Volkswagen van. She remembered that she was wearing shorts and a T-shirt.

McDevitt recalled the names of her third, fourth and fifth grade teachers. She remembered that the crimes took place when she was in third, fourth, and fifth grades. She placed the incidents within the indicted time frame because it was a developmental period for her; for three of the incidents she was not wearing a bra, and for the fourth one she was. Also, she recalled that she was not wearing braces at the time of any of the incidents, but that she got braces before appellant moved away.

McDevitt did not tell anyone about the sexual abuse at the time it occurred. She testified that she did not remember the acts of molestation until May 1990 when she was present at the same park in Westerville where one of the crimes took place. McDevitt then told her therapist. It was not until January 1992 that she reported the incidents to the police.

McDevitt was born on November 26, 1971. Thus, she was eighteen years old at the time she remembered the incidents and told her therapist, and she was twenty years old when she reported the sexual abuse to the police.

At the conclusion of the hearing, the trial court overruled the motion to dismiss. The court found no evidence that McDevitt had told a responsible adult of the abuse before she turned eighteen. The court also noted that, even if the statute of limitations began running when McDevitt turned eighteen, the indictment was still timely.

In a subsequent hearing, appellant pled no contest to counts five and six of the indictment, both of which charged appellant with gross sexual imposition. The court found appellant guilty and sentenced him to two years' imprisonment on each count, to be served consecutively. The court suspended the sentence and

imposed a two-year period of probation, on the condition that he undergo weekly counseling and that he have no contact with McDevitt.

Appellant now brings this appeal, raising the following single assignment of error:

"The trial court commits prejudicial error in overruling a motion to dismiss based on the statute of limitations."

R.C. 2901.13(A)(1) sets forth a six-year limitations period for felonies other than murder or aggravated murder. This period is subject to certain exceptions. An exception particularly pertinent in prosecutions of child sexual abuse cases is found in R.C. 2901.13(F): "The period of limitations shall not run during any time when the corpus delicti remains undiscovered."

In *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711, the Ohio Supreme Court held that, for purposes of the statute of limitations in child sex abuse cases, the *corpus delicti* is discovered when a responsible adult (as listed in R.C. 2151.421 [1]) gains knowledge of both the act and the criminal nature of the act. *Id.* at syllabus. The court in fashioning this rule stated that it was striking a balance "between the need to place some restriction on the time period within which a criminal case may be brought, and the need to ensure that those who abuse children do not escape criminal responsibility for their actions." *Id.* at 139, 571 N.E.2d at 714.

In the *Hensley* case, as in the instant case, the victims were children of tender years at the time the crimes were committed. However, in *Hensley*, the child-victims were apparently still children at the time the criminal prosecutions were brought. In the instant case, the child-victim had reached the age of majority nearly four years prior to the time appellant was indicted.

---

1. R.C. 2151.421 provides in pertinent part:

"(A)(1) No attorney, physician, including a hospital intern or resident, dentist, podiatrist, practitioner of a limited branch of medicine or surgery as defined in section 4731.15 of the Revised Code, registered nurse, licensed practical nurse, visiting nurse, other health care professional, licensed psychologist, licensed school psychologist, speech pathologist or audiologist, coroner, administrator or employee of a child day-care center, administrator or employee of a certified child care agency or other public or private children services agency, school teacher, school employee, school authority, social worker, licensed professional counselor, or person rendering spiritual treatment through prayer in accordance with the tenets of a well-recognized religion, who is acting in his official or professional capacity and knows or suspects that a child under eighteen years of age or a physically or mentally handicapped child under twenty-one years of age has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall fail to immediately report or cause reports to be made of that knowledge or suspicion to the children services board, the county department of human services exercising the children services function, or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred."

Cases following *Hensley* have focused on whether the *corpus delicti* is deemed discovered and, hence, the running of the statute of limitations is triggered upon the child-victim's attaining the age of majority. In *State v. Weiss* (1994), 96 Ohio App.3d 379, 645 N.E.2d 98, the victims were aged fifteen and seventeen at the time of the offenses, and they did not report the offenses to a "responsible adult" for approximately ten years. The Guernsey County Court of Appeals stated that the reasoning contained in *Hensley, supra,* applied to cases where the victims were not of tender years but under the age of eighteen. The court noted that "peer ridicule, embarrassment, and the desire not to be labeled 'dirty' or 'gay' can cause a child sexual abuse victim to remain silent on the subject." *Weiss,* at 384, 645 N.E.2d at 101. The court then held that the statute of limitations begins to run when the child-abuse victim attains the age of eighteen and understands the criminal nature of the act.` *Id.*

In *State v. Hughes* (1994), 92 Ohio App.3d 26, 633 N.E.2d 1217, the Court of Appeals for Brown County determined that the tolling of the statute of limitations ceases when the victim attains the age of majority. The court relied upon the reasoning of *State v. Pfouts* (1992), 62 Ohio Misc.2d 587, 609 N.E.2d 249, in which the child-abuse victim was fourteen years old at the time the abuse occurred, and did not report it to the authorities until she was twenty-one years old. The court found that a child-abuse victim is "presumed to have understood and acknowledged the act and the criminal nature of the act upon attaining the age of majority; and, absent a showing to the contrary rebutting such presumption, the tolling of the statute of limitations with regard to that act ceased upon the child-victim's attaining the age of eighteen years." *Hughes, supra,* 92 Ohio App.3d at 29, 633 N.E.2d at 1218–1219. In *Hughes,* the victims were all over the age of twenty-four before they reported the alleged abuse to a person listed in R.C. 2151.421; thus, they did not report the felonies within six years and the misdemeanors within two years of reaching the age of majority. Consequently, the court upheld the trial court's dismissal.

Other recent decisions also have concluded that the tolling of the statute of limitations ceases upon the child-victim reaching the age of majority. *State v. McGraw* (June 16, 1994), Cuyahoga App. No. 65202, unreported, 1994 WL 264401 (victim was between eight and sixteen at the time of the alleged offenses, but did not report the abuse until she was twenty-nine years old); *State v. Webber* (Feb. 8, 1995), Medina App. No. 2270–M, unreported, 1995 WL 48443 (defendant allegedly abused his daughter between 1978 and 1981. The daughter turned eighteen on July 26, 1986, and first revealed the abuse to her mother's attorney during 1987).

Appellant urges this court to further distinguish *Hensley, supra,* because the children in that case were under ten years old and, therefore, presumed incompe-

tent to testify. Appellant argues that, since there is a presumption of competency with respect to Evid.R. 601,[2] there is certainly a presumption that a person of McDevitt's age in 1980 through 1984 is fully competent and able to comprehend the nature of right and wrong. Thus, appellant contends that, if there is testimony or evidence to demonstrate that the alleged victim is aware of the *corpus delicti,* or should be aware through reasonable diligence, then the statute of limitations begins to run.

We cannot agree with appellant's interpretation of *Hensley.* Our reading of the *Hensley* decision does not permit a competent witness or a sliding-scale exception urged by appellant. In holding that the *corpus delicti* is not discovered until a responsible adult has knowledge of the act and the criminal nature of the act, the court rejected the notion that the knowledge of the child-victims counted as discovery of the *corpus delicti,* stating that "it would pervert justice to impose on those whom the Criminal Code seeks to protect the responsibility to know the exact criminal nature of such conduct." *Id.,* 59 Ohio St.3d at 139, 571 N.E.2d at 714. The court indicated that it was "unwilling to impose the burden to contact the authorities on an already traumatized and susceptible child." *Id.*

The *Hensley* court further stated that it would strictly adhere to the list of responsible adults found in R.C. 2151.421 in determining when the abuse was discovered. *Id.* at 141, 571 N.E.2d at 716. Neither parents nor the victims of alleged child abuse are among the "responsible adults" listed in R.C. 2151.421. Thus, under the reasoning set forth in *Hensley,* the child-victim's level of competency or maturity is irrelevant to the running of the statute of limitations. The law recognizes the unique nature of child sex abuse and the vulnerability of its victims.

Under the foregoing analysis, the trial court was correct in overruling the motion to dismiss. The trial court had no evidence before it that McDevitt had told a responsible adult of the abuse prior to 1990. There was evidence that the victim did not remember or had mentally repressed memory of the sexual abuse until after her eighteenth birthday. However, even if the six-year statute of limitations began running as soon as McDevitt turned eighteen, the state had until November 1995 to return the indictment. Accordingly, we decline to consider whether a victim's inability to recall incidents of abuse at the time he or she turns eighteen would continue the tolling of the applicable statute of limitations in this criminal context. See *Ault v. Jasko* (1994), 70 Ohio St.3d 114,

---

2. Evid.R. 601 provides in pertinent part:
    "Every person is competent to be a witness except:
    "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

637 N.E.2d 870, at syllabus ("[t]he discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time").

Based on all the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.