OPINION
On August 25, 1998, Larry J. Wooldridge was arrested and charged with seventeen counts of sexual abuse of children. On September 24, 1998, the Montgomery County Grand Jury returned an indictment, formally charging Wooldridge with seventeen counts of sexual abuse against seven girls.
The abuse involved allegedly occurred between the years of 1981 and 1993. All of the victims at the time of the abuse were minors. Three of the victims, Amy Hecht, Jennifer Gilman and Jacinda Foley Huber, were twenty-four years old at the time of Wooldridge's arrest. Yvonne Young, another victim, turned twenty-four between the dates of the arrest and the indictment.
Wooldridge filed a motion to dismiss the indictment on October 26, 1998 and a hearing was held on December 4, 1998. The trial court dismissed Counts 1, 2, 3, 4, 7, 8, 9, 11, 14 and 15, finding that the statute of limitations had run for those victims who were twenty-four years old at the time Wooldridge was charged.
The State now appeals the dismissal of these Counts, with the exception of Count 15, which involved the charge of attempted gross sexual imposition against Jacinda Foley Huber. Because this is the only Count involving Ms. Huber, she will not be discussed as a victim. On appeal, the State raises the following single assignment of error:
 Counts One, Two, Three, Four, Seven, Eight, Nine, Eleven and Fourteen of the indictment should not have been dismissed, because the statute of limitations for bringing these charges had not yet expired.
 I
Initially, we note that the parties in this case dispute the appropriate standard of review. The trial court's decision was based upon an interpretation of the law regarding tolling the statute of limitations in child sexual abuse cases. Further, the trial court stated that its decision did not consider the testimony given at the motion hearing, and thus no evaluation of credibility of witnesses was involved.
When reviewing an issue of law, an appellate court may appropriately substitute its judgment for that of the trial court.State v. Today's Bookstore, Inc. (1993), 86 Ohio App.3d 810, 823. A trial court is not given the deference on issues of law it would receive for discretionary decisions such as evaluating credibility of witnesses, making factual determinations, ruling on admission of evidence, etc. Id.; Castlebrook, Ltd. v. Dayton PropertiesLtd. Partnership (1992), 78 Ohio App.3d 340, 346. Therefore, the appropriate standard of review in this case would be de novo.
 II
The general statute of limitations found in R.C. 2901.13
establishes when the State must initiate prosecution for each type of crime. Specifically, the statute provides:
 "(A) Except as otherwise provided in this section, a prosecution is barred unless it is commenced within the following periods after an offense is committed:
 "(1) For a felony other than aggravated murder or murder, six years[.]"
All nine of the Counts involved in this appeal are felonies, and hence would generally have a six-year statute of limitations. However, R.C. 2901.13(F) provides "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." This subsection acts to toll the statute of limitations until the corpus delicti of a crime is discovered.State v. Hensley (1991), 59 Ohio St.3d 136, 137. The Ohio Supreme Court in Hensley determined that the corpus delicti has two elements: "(1) the act itself, and (2) the criminal agency of the act." Id. at 138. Thus, both the act and its criminal agency must be discovered before the statute of limitations begins to run.
The purpose for statutes of limitation in criminal cases is "that [prosecutions] should be based on reasonably fresh, and therefore more trustworthy evidence." Id. at 138. However, inHensley, the Supreme Court decided a balance should be struck in child sexual abuse cases between the rights of the defendant and the need to ensure that abusers do not escape criminal liability.Id. at 139. In this regard, the Court explained:
 Statutes and case law in Ohio, as well as the rest of the country, seek to protect and ensure the safety of children of tender age. It is common knowledge in child sex abuse cases that the victims often internalize the abuse, and in some instances blame themselves, or feel somehow that they have done something wrong. Moreover, the mental and emotional anguish that the victims suffer frequently inhibits their ability to speak freely of the episodes of abuse. For these reasons we reject the court of appeals' holding that because the children in the present case understood the wrongness of appellee's acts, the corpus delicti of the crime was discovered by them. While the record in this case suggests that the two children comprehended the inappropriateness of appellee's actions, it would pervert justice to impose on those whom the Criminal Code seeks to protect the responsibility to know the exact criminal nature of such conduct. In other words, even though a child of tender years may know that an act committed against him or her is wrong or even criminal, we are unwilling to impose the burden to contact the authorities on an already traumatized and susceptible child.
Id. at 138-39.
In order to strike the balance, the Supreme Court held that "the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."Id. at 141. R.C. 2151.421 includes attorneys, physicians, nurses, psychologists, coroners, day-care administrators and workers, school teachers and employees, spiritual leaders, etc. Parents are not included in the list, and, in fact, are specifically excluded by the Supreme Court as responsible adults whose discovery of the abuse would begin the running of the statute.59 Ohio St.3d at 141. Moreover, the Supreme Court provided that the list was to be "strictly adhere[d] to." Id.
Cases since Hensley have distinguished it based on the fact that the children abused in Hensley were still minors at the time the abuse was reported and prosecution was commenced. The focus of these cases is whether or not the tolling of the statute of limitations adopted in Hensley terminates when the victim reaches the age of majority.
In State v. Pfouts (1992), 62 Ohio Misc.2d 587, the Common Pleas Court of Wood County distinguished Hensley in a misdemeanor sexual imposition prosecution where the victim did not report the crime allegedly committed upon her at age 14 until she reached the age of 21. The court held that the tolling of the statute of limitations ceased upon the victim's attaining the age of eighteen and dismissed the indictment. Judge Kurfess wrote the following at pages 589 and 590 of the court's opinion:
 It should be noted that in the Hensley
case the child-victims were apparently still children at the time the criminal prosecutions were brought. In the instant case, the child-victim had attained majority more than two years prior to the time the prosecution was initiated.
 To apply Hensley in an open-ended fashion permitting the prosecution of child sexual offenses at any time later in the victim's life when the crime may first be reported to an R.C. 2151.421 responsible adult would open the door to such prosecutions long after the act and fly in face of the rationale for limiting criminal prosecutions as set forth in the Committee Comment and adopted by the Ohio Supreme Court in Hensley, and require those accused to possibly defend against charges, the evidence for which is obscured by the passage of time. As pointed out by the Court of Appeals for Summit County in State v. Sutter (Nov. 15, 1989), No. 13749, unreported, at 9, "[e]xceptions to the running of the statute must be narrowly construed in favor of the accused."
 Yet, we do recognize that if a victim is suffering from internalization or inhibitions brought on by physical, mental or emotional conditions which limit the victim's acknowledgment of the act or recognition of the illegal nature of the act, it may be possible for the corpus delicti not to be "discovered" until after the attainment of majority.
 For this reason, we find that the child-abuse victim in the instant case is presumed to have understood and acknowledged the act and the criminal nature of the act upon attaining the age of majority; and, absent a showing to the contrary rebutting such presumption, the tolling of the statute of limitations with regard to that act ceased upon the child-victim's attaining the age of eighteen years.
 By so ruling we are not, in the words of the court in Hensley, imposing the burden to contact the authorities on an already traumatized and susceptible child of tender years, but we are imposing that burden on one who has attained majority and who is free of internalization or undue inhibitions brought on by factors beyond the victim's control.
The Twelfth District Court of Appeals found the Pfouts
decision persuasive in State v. Hughes (1994), 92 Ohio App.3d 26. Judge Koehler wrote on behalf of that court:
 We find the reasoning in Pfouts to be persuasive. A contrary rule would mean that there is virtually no statute of limitations for child abuse cases and would give rise to situations such as in the present case where the defendant could be charged with offenses that occurred twenty or thirty years ago. See In re C. (Juv. 1991), 61 Ohio Misc.2d 610, 614, 580 N.E.2d 1182, 1184. The charges in the present case are too remote in time to allow appellee a reasonable opportunity to defend himself, the very problem statutes of limitations are designed to prevent. Absent a showing that the victims did not understand the criminal nature of the act upon attaining the age of majority, the tolling of the statute of limitations ceased when the victims reached the age of majority. The victims were all over twenty-four years of age before they reported the alleged abuse to a person listed in R.C. 2151.421, in this case the prosecuting attorney. They did not report the felonies within six years and the misdemeanors within two years of reaching the age of majority; therefore, the prosecution is barred by the statute of limitations. Accordingly, the trial court did not err in granting appellee's motion to dismiss. The state's sole assignment of error is overruled.
The Court of Appeals for the Eighth District considered facts similar to those presented by this case in State v. McGraw (June 16, 1994), Cuyahoga App. No. 65202, unreported. In that case, as in this case, an alleged victim of child sexual abuse turned eighteen before an individual within one of the categories listed in R.C. 2151.421 learned of the alleged abuse. She first disclosed the alleged abuse to two common pleas judges when she was twenty-nine years old. The defendant was indicted more than thirteen years after the last alleged abuse, and more than eleven years after the alleged victim turned eighteen. The court of appeals affirmed the trial court's dismissal of the indictment. In doing so, it reasoned that to accept an argument that the statute of limitations in a child abuse case never begins to run until a person listed in R.C. 2151.421 learns of the alleged crime would permit tolling of the statute indefinitely:
 "Under the State's theory that the victim herself was not a responsible adult, the statute of limitations could be tolled indefinitely, no matter what the circumstances, until she told another adult. As a logical matter as long as the victim kept it to herself, she could wait until she was well into middle age to disclose the abuse and then the State would still have six years to indict. We do not believe that the legislature could have intended such an absurd result by the enactment of R.C. 2901.13(F)." Id. at 3.
The Ninth Appellate District agreed with the conclusion reached in State v. McGraw. In State v. Webber
(1995), 101 Ohio App.3d 78, Judge Dickinson wrote as follows:
 This court agrees with the conclusion reached by the court in McGraw. A requirement that a victim of child abuse who is fully aware of the abuse and its criminal nature contact proper authorities in sufficient time for a prosecution to be commenced within six years after that victim reaches the age of majority strikes an appropriate balance between the need for a prosecution to be based on "reasonably fresh" evidence and a recognition that a "traumatized and susceptible child" should not be expected to contact authorities. Such a balance appears to be consistent with the legislature's intent in adopting R.C. 2901.13(F) and the Ohio Supreme Court's reasoning in Hensley.
 The state has argued in this that adoption of a rule that the corpus delicti of child sexual abuse is discovered when a victim reaches eighteen with knowledge of the defendant's conduct and its criminal nature "fails to recognize the unique nature of child sex abuse":
 "The [trial court's] ruling assumes that upon reaching 18 years of age a child sex victim is magically cured of the emotional and mental anguish the Hensley court recognized. To the contrary, this emotional and mental anguish may continue well into the victim's adult years."
 Clearly, a victim of child sexual abuse is not magically cured upon reaching the age of eighteen. Similarly, a victim of sexual abuse who is over the age of eighteen at the time the abuse occurs is not free of emotional and mental trauma, trauma that may cause that victim to hesitate to report the abuse to proper authorities. It is necessary in the law, however, to strike balances and draw lines, even though the balances struck and the lines drawn may not appear just in all cases. As stated above, this court is convinced that the balance struck by the court in McGraw properly took into account the competing interests at issue.
 The state has also suggested that, if this court were to conclude, as it has, that the corpus delicti of child sexual abuse is discovered when the victim of that abuse turns eighteen, it should adopt a rule that the statute of limitations is tolled if the victim is unable to recall the alleged abuse at that time. The state neither made this argument to the trial court nor presented any evidence that defendant's daughter was, in fact, unable to recall the alleged abuse at the time she turned eighteen. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, 50.0.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Accordingly, this court declines to consider whether a victim's inability to recall incidents of abuse at the time he or she turns eighteen would continue the tolling of the applicable statute of limitations in this criminal context. See Herald v. Hood
(July 21, 1993), Summit App. No. 15986, unreported, 1993 WL 277541; Ault v. Jasko (Feb. 24, 1993), Lorain App. No. 5344, unreported, 1993 WL 46658.
The Third Appellate District found the Hughes, Webber, andMcGraw opinions persuasive in the case of State v.Hammons (December 14, 1995), Defiance App. 4-95-3, unreported.
Judge Hadley noted that Hensley was limited in its application because it involved the commencement of prosecution prior to the victims' attaining the age of majority. In Hammons,
the commencement of the prosecution against the defendant did not take place until almost seven years after the victim reached the age of majority. Judge Hadley wrote on behalf of the court:
 The Hensley court refused to read R.C. 2901.13(F) so expansively as to "subject a person to criminal liability indefinitely with virtually no time limit, and thus frustrate the legislative intent of a statute of limitations on criminal prosecutions." Id. at 139. The objective herein, as it was in Hensley, is to find a middle ground between the rights of the victim and the need to determine a definite time period within which an accused can be subject to prosecution. Id. at 139. In Hensley, the Ohio Supreme Court found such a balance for child sexual abuse when stating that the corpus delicti is discovered in cases when a responsible adult has knowledge of both the act and the criminal nature of the act upon the minor child.
 Applying the principles enunciated in Hensley to the matter herein, we find that when an adult claims that he was sexually abused as a child, the corpus delicti is discovered when the person reaches the age of majority, absent a showing that the victim did not understand the criminal nature of the act. Therefore, the victim has six years from the date of his attaining the age of majority to commence prosecution to prevent dismissal of the charges against the accused. Such a determination strikes the proper balance between the rights of the victim and the right of an accused not to be subject to criminal liability indefinitely.
The Fifth District agreed with the Twelfth District that the Ohio Supreme Court opinion in Hensley was not controlling where the child victim reaches adulthood before reporting the crime. See, State v. Weiss (1995), 96 Ohio App.3d 379. Judge Gwin wrote the following:
 While it is true Hensley involved "children of tender years," we believe the reasoning contained therein to be applicable to cases where the victim is less than eighteen years of age. It is not hard to imagine that seventeen year olds who have been sexually abused by an adult would internalize the abuse, blame themselves and/or feel they were the wrongdoers. As testified to in this case, peer ridicule, embarrassment, and the desire not to be labeled "dirty" or "gay" can cause a child sexual abuse victim to remain silent on the subject. Whether such "internalization" is sufficient to toll the statute of limitations in any given case involving the abuse of a child under eighteen years of age is best left to the trier of fact. It is the trier of fact who can determine from the credibility of witnesses whether their delay in reporting a sex abuse crime was justified under the circumstances of each case. Here, the court specifically concluded that "[b]oth victims testified that they internalized the matter and did not tell a `responsible adult' until 1992. This testimony was unrefuted by [appellant] and was persuasive to this Judge who observed their demeanor on the witness stand."
 In State v. Hughes (1994), 92 Ohio App.3d 26, 633 N.E.2d 1217, the Court of Appeals for Brown County relied upon the reasoning of State v. Pfouts (C.P. 1992), 62 Ohio Misc.2d 587, 589-590, 609 N.E.2d 249, 251, wherein the court found that a child-abuse victim is "presumed to have understood and acknowledged the act and the criminal nature of the act upon attaining the age of majority; and, absent a showing to the contrary rebutting such presumption, the tolling of the statute of limitations with regard to that act ceased upon the child-victim's attaining the age of eighteen years." We decline to adopt such a presumption where there is no legislative authority for it. Instead, we believe it a better rule that once a child-abuse victim attains the age of eighteen and understands the criminal nature of the act, the statute of limitations begins to run. This rule would better meet the Ohio Supreme Court's objective of striking a proper balance between the need to place some restriction on the time period within which a criminal case may be brought and the need to ensure that those who abuse children do not escape criminal responsibility for their actions. Hensley, supra, 59 Ohio St.3d at 141, 571 N.E.2d at 716.
We note that both the Hughes and McGraw courts had very strong dissenting opinions attacking their majorities' failure to follow Hensley. Both Judge Blackmon in McGraw and Judge Walsh in Hughes focused on the clear language in Hensley
specifically requiring reporting to a designated responsible adult in order for the statute of limitations to begin running. Hughes,92 Ohio App.3d at 30; McGraw, Cuyahoga App. No. 65202, at *6. Further, Judge Walsh noted that the Supreme Court excluded parents because "a parent, for sundry reasons, may not always report the alleged sexual abuse or neglect in a timely manner;" Hughes,92 Ohio App.3d at 30 (citing Hensley, 59 Ohio St.3d at 141). He pointed out that if this is true of parents, it is even more true of victims due to their internalization of their feelings about the abuse. Id. In particular, Judge Walsh stressed that, "[i]n many instances, the long-term psychological and emotional traumatic impact of having been sexually abused may extend into adulthood, even though the incidents of abuse may have occurred while the victim was still a minor." Id. He emphasized that the Supreme Court specifically indicated that it was not willing to place the burden on the victim to report the abuse. Id.
Judge Walsh further articulated how difficult it would be for a court to determine whether the victim is sufficiently free from internalization to appreciate the criminal nature of her abuser's conduct. Id. He pointed out that this is a subjective and unworkable standard for courts to apply. Id.
Finally, Judge Blackmon argued that allowing prosecution for child abuse victims who are still minors and not allowing it for adults twenty-four or older "treats one class of victims differently from another." McGraw, Cuyahoga App. No. 65202, at p. 7. For example, a child who is abused at three years old may report the abuse up to twenty years later, whereas a child who is abused at seventeen must report it within less than seven years.Hensley allowed the tolling of statute of limitations for fourteen years because it was abuse against children. Id. The law should not be different for abuse against children who have now become adults. Id.
We agree with those courts which found that Hensley has no application to late reports of sexual abuse by an adult who was allegedly abused while a child. Indeed, R.C. 2151.421(A) contemplates that the report of child abuse will occur while the victim is still a child. That section provides that "any report that is required by this section shall result in protective services and emergency services being made available by the public children services agency on behalf of the children about whom the report is made."
In Ault v. Jasko (1994), 70 Ohio St.3d 114, the Ohio Supreme Court held that the discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time. The Court held that the one year statute of limitations period for sexual abuse begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse. The court recognized that plaintiffs should not be denied the opportunity to prove that "repression of memory" precluded them from bringing their claims within the limitations period. The court's reasoning was based largely on the rationale of this Hensley opinion. The limitations period for a felony prosecution other than aggravated murder or murder is six years after the offense is committed. R.C. 2901.13(A)(1). The period of limitations shall not run during any time the corpus delicti remains undiscovered. R.C. 2901.13(F). It is well established that the state bears the burden of proving that the prosecution was commenced within the statute of limitations taking into account any time period tolling the statute. State v. McLaughlin
(1996), 109 Ohio App.3d 868,871.
Accordingly, we agree with the Twelfth District in State v.Hughes, supra, that a child-abuse victim is presumed to have understood and acknowledged the act and the criminal nature of the act upon attaining the age of majority; and, absent a showing to the contrary rebutting such presumption, the tolling of the statute of limitations with regard to that act ceased upon the child-victim's attaining the age of eighteen years.
The trial court appropriately concluded that the prosecution of Wooldridge for the alleged offenses against Amy Herht and Jennifer Gilman were not commenced within the limitations period provided in R.C. 2901.13(A)(1) since each of these victims were more than 24 years of age on August 25, 1998 when the prosecution commenced and neither victim offered any evidence that they did not understand and acknowledge the criminal nature of the defendant's conduct after they reached the age of majority.
We agree with the State of Ohio that the trial court incorrectly concluded the statute of limitations had expired as to the crime alleged to have been perpetrated upon Yvonne Young as she was not twenty-four years old until September 9, 1998 and the statute was tolled by the defendant's arrest on August 25, 1998.
The State's assignment of error as to Count Fourteen is Sustained; the assignment as to the remaining counts is overruled.
The judgment of the trial court is Reversed in part andAffirmed in part and this matter is Remanded for further proceedings.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Andrew T. French
L. Patrick Mulligan
Hon. John Kessler