OPINION
{¶ 1} This is an appeal by the State of Ohio relative to certain rulings by Judge Luse of the Fairfield County Common Pleas Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee was indicted on February 1, 2002 for four violations of R.C. § 2907.02(A)(2), (rape of a child with force), two counts of corruption of a minor, R.C. § 2907.04(A), two counts of gross sexual imposition, R.C. § 2907.05(A)(3) and two charges of felonious sexual penetration, R.C. § 2907.12(A)(3).
 {¶ 3} Counts one, two and three involved events of July 1, 1991 to September 1, 1991. Count four, criminal behavior, was alleged to have taken place between July 9, 1988 and July 8, 1989 and count five involved prohibited conduct between July 9, 1989 and July 8, 1990.
 {¶ 4} The date of birth of the alleged victim in counts one through five is July 9, 1976.
 {¶ 5} Counts six through ten alleged conduct involving a minor born on November 14, 1977. The conduct of count six was to have occurred between November 14, 1989 and November 13, 1990.
 {¶ 6} The dates of counts nine and ten were November 14, 1989 to November 13, 1990.
 {¶ 7} Appellee moved to dismiss such charges as beyond the statute of limitations. Such motion was initially denied but on a motion for reconsideration was granted.
 ASSIGNMENTS OF ERROR I. {¶ 8} "The court's decision finding the statute of limitations had expired was contrary to law and an abuse of discretion."
 II. {¶ 9} "The trial court improperly permitted appellee to file a motion for reconsideration and abused its discretion when said motion for reconsideration was granted."
 I. {¶ 10} In addressing the first Assignment of Error we must look at R.C. § 2901.13.
 {¶ 11} Such statute, prior to its amendment effective March 9, 1999, included a statute of limitations of six years. This time period has been determined, as to minors, to commence from the date such child attains the age of eighteen years or from the reporting of the abuse to a responsible adult as defined in R.C. § 2151.421. State v. Hughs
(1994), 92 Ohio App.3d 26, State v. Weiss (1994), 96 Ohio App.3d 179.
 {¶ 12} The amendment to such statute extended the period of limitations to twenty years.
 {¶ 13} Appellee, in its motion for reconsideration, upon which the Court relied, stated that the following language did not appear in the amended version but acknowledges that, if it did, the statute of limitations would not have expired prohibiting prosecution under the indictment:
 {¶ 14} "SECTION 3. Section 2901.13 of the Revised Code, as amended by this act, applies to an offense committed on or after the effective date of this act and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."
 {¶ 15} Substitute House Bill 49 containing the above referenced Section 3 was passed by the General Assembly on November 17, 1998 and approved by the Governor on December 8, 1998.
 {¶ 16} The fact that the publishing firms of the criminal statutes printed the text of amended R.C. § 2901.13 without Section 3 and listed such section in a manner which would lead one to believe that, while contained in the Bill, was not contained in the approved Act, has no relevance.
 {¶ 17} The construction of a statute is a question of law and not entitled to deference on appeal. Brenneman v. R.M.I. Co. (1994),70 Ohio St.3d 460. Issues of statutory construction are reviewed de novo by a Court of Appeals. State v. Wiemar (1966), 112 Ohio App.3d 100.
 {¶ 18} Upon reviewing the ruling of the trial court, we determine that error was committed as the ruling is in conflict with the complete context of amended R.C. § 2901.13.
 {¶ 19} The first Assignment of Error is sustained; the dismissal of the charges is vacated and this cause is remanded for further proceedings consistent herewith.
 {¶ 20} It is not necessary to rule on the second Assignment of Error as this is rendered moot by the above ruling.
By: Boggins, J., Hoffman, P.J. and Wise, J. concur.
Topic: Statutory construction; statute of limitations.