**The STATE of Ohio, Appellant,**

v.

**SAKR, Appellee.**

[Cite as *State v. Sakr* (1995), 101 Ohio App.3d 334.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940176.

Decided Feb. 22, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Tina I. Ernst,* Assistant Prosecuting Attorney, for appellant.

*Graydon, Head & Ritchey, Michael Barrett, Susan J. Dlott* and *Harry J. Finke IV,* for appellee.

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellee Adel Sakr ("Sakr") was indicted on November 17, 1993, on counts of attempted rape, gross sexual imposition, and kidnapping. The events which were alleged to have given rise to these charges occurred on the night of June 10, 1986. Sakr moved to dismiss the charges against him on the ground that the six-year statute of limitations, applicable to the crimes with which he was charged, had run. The trial court granted Sakr's motion to dismiss, and the state appealed pursuant to R.C. 2945.67.[1] The state argues that the trial court erred in dismissing the charges.

---

1. We have *sua sponte* removed this case from the accelerated calendar.

Except for aggravated murder or murder, the statute of limitations for felonies is six years. R.C. 2901.13(A)(1). The state, however, argues that the statute of limitations in this case is tolled pursuant to R.C. 2901.13(C), which reads:

"If the period of limitations provided in division (A) of this section has expired, prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in Section 2921.01 of the Revised Code, at any time while the accused remains a public servant, or within two years thereafter."

At the time of the alleged incidents, Sakr was a professor at the University of Cincinnati College of Pharmacy. As such, the state argues, he falls within the definition of a "public servant." "Public servant" is defined in R.C. 2921.01(B).[2] "Public servant" definitionally includes any "public official." R.C. 2921.01(B)(1). "Public official" is defined in R.C. 2921.01(A) as:

"[A]ny elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and including without limitation, legislators, judges, and law enforcement officers."

The state argues that because Sakr is an employee of the University of Cincinnati, a state institution, and because his misconduct occurred during his tenure in office, the tolling provision in R.C. 2901.13(C) applies and the statute of limitations has not run.

Sakr, on the other hand, argues that even if he is found to be a public servant, which he does not concede, the tolling provision applies only to misconduct integrally related to the auspices of the office, as contrasted with misconduct while in office but not necessarily related to that office. In other words, Sakr argues that every public official who commits a crime while holding office is not guilty of misconduct in office. For example, if an elected official were convicted of drunk driving, that would be misconduct while in office, not misconduct in office.

We cannot accept the argument made by either side in this matter.

■ Sakr's misconduct was not wholly unrelated to his office. The alleged victim in this case was one of Sakr's students. He was, moreover, a member of

---

**2.** R.C. 2921.01(B) provided:

"(B) 'Public servant' means any of the following:

"(1) Any public official;

"(2) Any person performing ad hoc a governmental function, including without limitation a juror, member of a temporary commission, master, arbitrator, advisor, or consultant; is elected or appointed to the office for which he is a candidate. A person is a candidate for purposes of this division if he has been nominated according to law for election or appointment to public office, or if he has filed a petition or petitions as required by law to have his name placed on the ballot in a primary, general, or special election, or if he campaigns as a write-in candidate in any primary, general, or special election."

her thesis committee whose approval was necessary to her receiving her master's degree, and the events which were alleged to have occurred took place on the eve of the oral examination. Sakr allegedly used his status as a member of the alleged victim's thesis committee to try to coerce her into having sex with him. Thus, although the attempted rape, gross sexual imposition, and kidnapping with which he was charged are not crimes related to his office, Sakr's actions as described in the bill of particulars and the state's discovery response, if true, represent a clear and absolutely reprehensible abuse of his academic and professional relationship with the alleged victim. Additionally, based on a letter of reprimand placed in his file by his dean, it is clear that the University of Cincinnati believed Sakr's official position was implicated in the course of events.[3]

While we hold that Sakr is a public servant because he is an employee of a public institution, we cannot, however, accept the conclusion the state urges upon us—that Sakr is a public servant guilty of "misconduct in office" as that term appears in R.C. 2901.13(C), the tolling section that the state seeks to invoke in this case. We believe that by employing the term "misconduct in office," the legislature intended that, in order for the statute of limitations to be tolled, either the offense must involve such a palpable nexus between the auspices of the office and the wrongdoing that it constitutes an offense against justice and public administration as codified in R.C. Chapter 2921, *or*, alternatively, the wrongdoer must have misused his or her public office effectively to conceal the wrongdoing and thus thwart timely prosecution.

Unless the term "misconduct in office" is so construed, the limitations period for all offenses committed by public servants could be tolled even if a particular offense bore absolutely no relationship to the wrongdoer's official position. We do not believe that the legislature intended for statutes of limitation to be tolled every time any public official, juror, candidate for office, legislator, judge, law enforcement official, or public employee commits any statutory crime. Such a reading would be too drastically in conflict with the public policy behind statutes of limitations, which is to discourage dilatory law enforcement, ensure that criminal prosecutions are based on reasonably fresh, and therefore more trustworthy, evidence, and avoid the unfairness of subjecting people to criminal liability virtually indefinitely. See Committee Comment to R.C. 2901.13 (Am.Sub. H.B. No. 511); *State v. Hensley* (1991), 59 Ohio St.3d 136, 139, 571 N.E.2d 711, 714. Such a reading would also be inconsistent with R.C. 2901.04(B), which requires a construction which will effectuate the fair, impartial, speedy and sure administration of justice.

---

**3.** The letter of reprimand refers specifically to a sexual harassment charge filed by the victim against the university as a result of the incident. While that is a tort, not a crime, the point is that the university saw a nexus between Sakr's conduct and his official position.

The pertinent language of the tolling statute provides that, if the normal statute of limitations has expired, *"prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in section 2921.01 of the Revised Code * * *."* (Emphasis added.) We believe that the definitions of public servant should not be read separately from the code section in which they appear. R.C. Chapter 2921 is titled "Offenses Against Justice and Public Administration." The crimes in this chapter include bribery and intimidation, perjury, compounding a crime, obstructing justice or official business, theft in office, and soliciting or receiving improper compensation. The Committee Comment to this chapter states:

"Chapter 2921 deals with acts tending to subvert the processes of democratic government, including bribery, perjury, and related offenses, crimes which hamper law enforcement and the administration of justice, and peculation, conflict of interests, dereliction of duty, and other offenses of public officials."

█ Clearly, therefore, whenever a public servant commits an offense specifically set forth in R.C. Chapter 2921, there will generally be the necessary nexus between public service and wrongdoing so as to meet the definition of "misconduct in office," and allow tolling of the statute of limitations.

Moreover, even if the alleged wrongdoing does not fall within the offenses set forth in R.C. Chapter 2921, we hold that the tolling statute may still be applicable *provided* that the alleged wrongdoer has misused his or her office either to effectively conceal the misconduct or otherwise to obstruct timely prosecution. The element of concealment is shared by most of the tolling provisions in R.C. 2901.13 and expresses the policy that law enforcement cannot be accused of lax prosecution when the crime is effectively concealed. For this reason, most of the tolling provisions require some element of concealment, inability to discover a crime, or a course of conduct which has not yet been completed. See, *e.g., State v. Hensley, supra* (statute of limitations in cases involving child sexual abuse tolled until *corpus delicti* of crime is discovered by a responsible adult); *State v. Williams* (Apr. 20, 1994), Medina App. No. 2273–A, unreported, 1994 WL 135309 (statute of limitations tolled while defendant absented himself from state under assumed name); *State v. Harrison* (Apr. 15, 1981), Summit App. No. 9930, unreported, 1981 WL 3942 (father's failure to provide adequate support for minor child constitutes a "continuing course of conduct" which comes within the exception contained in R.C. 2901.13[D] ).

██ Despite our holding that Sakr is definitionally a "public servant," he was

not charged with any of the crimes in R.C. Chapter 2921.[4]  Moreover, the record does not support a finding that either he or the university in any way concealed from authorities the crimes he allegedly committed.  Nor does the record demonstrate that there was an ongoing professional relationship between the alleged victim and Sakr which precluded her, either from a professional or from a psychological standpoint, from reporting what happened.  In fact, to the contrary, the alleged victim reported the incident to the police within a matter of days of the occurrence.  Furthermore, the letter of reprimand in Sakr's file suggests that the university was also quickly informed of the criminal allegations.  Although the alleged victim subsequently moved out of state, the police could have proceeded with the investigation and an arrest, if warranted, at any time following the victim's reporting of the alleged offenses.  See *Breaker v. State* (1921), 103 Ohio St. 670, 134 N.E. 479; *State v. Tyack* (Feb. 11, 1986), Franklin App. No. 85AP–437, unreported, 1986 WL 1941.  As noted by the court in *Breaker,* "a statutory crime is not a private wrong, but a public wrong * * *.  It is the State that is prosecuting the violation of its statute; on its own behalf * * *."  *Breaker, supra,* 103 Ohio St. at 671, 134 N.E. at 480.  Indeed, it bears emphasis that, other than the alleged victim's removing herself from the state, there is no reason manifest from the record why the police did not timely bring charges in this case.  The only reason given by the alleged victim for her delay in pushing for prosecution was her mistaken belief, allegedly based on wrong information given to her by the police, that the statute of limitations was seven years, rather than six.  The alleged victim's mistaken belief as to the applicable limitations period does not, however, comport with any justification for tolling the statute of limitations.

Accordingly, finding no basis on which to toll the statute of limitations in this case, we affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, J., concurs.

HILDEBRANDT, P.J., concurs separately.

HILDEBRANDT, Presiding Judge, concurring separately.

I concur in the well-reasoned opinion of my sister at the bar.  However, I write separately in order to make some additional observations.

---

4.  Should the legislature choose to do so, it could make the use of a public office to commit one of the statutory crimes other than those in R.C. Chapter 2921 a separate offense or a penalty enhancement.

As the opinion notes, law enforcement authorities knew of the alleged crimes against the victim within days of their occurrence. I most certainly understand that the alleged victim was emotionally distressed. I further appreciate the general reluctance of victims of sexual attacks to air the physical and emotional trauma they suffered before a judge, jury, and gallery. However, as the court noted in *People v. Lucero* (Colo.App.1980), 623 P.2d 424, 427, "crime affects the overall security of the citizenry, not merely the interests of the immediate parties [and] [s]atisfaction of the latter does not imply preservation of the former." The court further observed that a prosecution for an alleged criminal act is initiated in the name of the state and that the decision to prosecute rests with the district attorney. Furthermore, the victim of a crime is not a party to a criminal prosecution, and, therefore, can demand neither the prosecution nor the dismissal of a criminal charge. *Id.*

I find the reasoning of the *Lucero* court to be compelling and applicable to the cause *sub judice.* Here, the police permitted the alleged victim to delay unreasonably the appellee's prosecution. I therefore agree that the charges in this case were properly dismissed.