The STATE of Ohio, Appellee,

v.

BOWSHER, Appellant.

[Cite as *State v. Bowsher* (1996), 116 Ohio App.3d 170.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–124.

Decided Dec. 6, 1996.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, *Curtis E. Posner* and *Brenda J. Majdalani,* Assistant Prosecuting Attorneys, for appellee.

*Jerome Phillips,* for appellant.

SHERCK, Judge.

This appeal comes to us from the Lucas County Court of Common Pleas. That court found appellant guilty of a single count of theft in office. Because we conclude that R.C. 2921.41 requires a tangible nexus which was missing in this case between a defendant's official duties and a theft offense, we reverse.

Appellant, Gary W. Bowsher, was a Toledo police officer. Appellant was also the volunteer treasurer of a charitable organization called the Toledo Police–Fire Golf Benefit. That organization was sponsored by Toledo police officers and firefighters; it was not officially sanctioned by the city.

In 1992 and 1993, the Toledo Police–Fire Golf Benefit organization sponsored events known as the "guns and hoses" golf tournaments. Appellant solicited and collected funds for these events and, as treasurer of the organization, was responsible for the group's account with the Toledo Police Federal Credit Union.

In 1994, a Lucas County Grand Jury handed down a six-count indictment accusing appellant of taking money from the "guns and hoses" fund. Three of these counts accused appellant of theft in violation of R.C. 2913.02(A). The remaining three counts accused appellant of theft in office in violation of .R.C. 2921.41. The language of the theft in office counts paralleled the statutory language and provided no detail of the specific allegations.

On appellant's motion for a bill of particulars, the state responded as follows to Count 5, the charge which is the subject of this appeal:

"*COUNT FIVE*

" * * * that GARY W. BOWSHER, on or about the 5th day of May, 1993, in Lucas County, Ohio, being a public official, to wit, a police officer for the City of Toledo, did commit a theft offense, the said GARY W. BOWSHER having used

his office in aid of committing the offense, in violation of § 2921.41 of the Ohio Revised Code, being a felony of the third degree, to wit: GARY W. BOWSHER did withdraw $211.00 in cash from the account established at the Toledo Police Federal Credit Union for the Police–Fire Golf Benefit."

Appellant moved to dismiss the theft in office counts for the reason that, even were the state to prove the factual allegations contained in the bill of particulars, such facts would not constitute a violation of R.C. 2921.41. Following a hearing, the trial court denied appellant's motion, concluding that the evidence proffered at the hearing, if found true, would establish that, while the "guns and hoses" event was not officially sanctioned or supported by the city of Toledo, appellant had nonetheless solicited contributions while in uniform, on duty and in a city police car. This, the trial court concluded, constituted "use" of appellant's office in aid of committing a theft offense.

On rejection of his motion to dismiss, appellant withdrew his not guilty plea and entered a plea of no contest to Count 5 of the indictment. At the plea hearing, the prosecutor stated that, had the matter proceeded to trial, the evidence would establish that on May 5, 1993, appellant, "a police officer for the city of Toledo, did commit a theft offense by withdrawing $211 in cash from an account * * * for the 'Police–Fire Golf Benefit.'" On this submission, the trial court found appellant guilty. The remainder of the charges were declared *nolle prosequi*. Appellant now appeals his conviction, setting forth the following two assignments of error:

"1. The trial court erred in finding appellant guilty of theft in office, R.C. 2921.41; where the prosecutor's statement of facts did not contain all of the elements of the offense.

"2. The trial court erred in denying appellant's motion to dismiss counts 1, 3, and 5 of the indictment where the conduct charged in the indictment and evidenced by the bill of particulars and at the hearing on the motion to dismiss does not constitute the offense of theft in office, R.C. 2921.41."

█ Literally taken, appellant's first assignment of error is without merit. Crim.R. 11(B)(2) provides that while a no contest plea is not an admission of guilt, it is an admission of the truth of the facts alleged in the indictment, information, or complaint. Accordingly, if the charging instrument stated facts constituting a crime, the absence of a recitation of these operative facts during the plea colloquy is not fatal to the state.

As to appellant's second assignment of error, we must first address the issue whether appellant preserved for appeal the merits of his claim. That is, whether appellant's no contest plea, if construed as a total admission of the facts in the

indictment, acts to foreclose our consideration of the issue whether the facts stated constitute the criminal violation alleged.

■ Based on the discussion which follows, we believe the issue has been preserved. First, as we previously stated, Crim.R. 11(B)(2) limits the admission in a no contest plea to "the truth of the facts alleged in the indictment, information, or complaint * * *." Second, the purpose of a bill of particulars is to specifically state the nature of the offense charged. *State v. DeRighter* (1945), 145 Ohio St. 552, 556, 31 O.O. 194, 195, 62 N.E.2d 332, 334–335. The bill is required when an indictment, although sufficient to charge an offense, is, "so extremely general, vague, uncertain or indefinite * * * that the defendant is not given a fair and reasonable opportunity to prepare his defense." *State v. Lisbon Sales Book Co.* (1964), 176 Ohio St. 482, 489, 27 O.O.2d 443, 447, 200 N.E.2d 590, 595 (Taft, C.J., dissenting on other issues). "[W]hen a prosecuting attorney files a bill of particulars, the state is confined to the items therein set down. * * * Thus, the defendant herein was entitled to a bill of particulars that presented the ultimate facts upon which the state relied to establish its case, and the state 'should be restricted in its proof to the indictment and the particulars set forth in the bill.' " *State v. Vitale* (1994), 96 Ohio App.3d 695, 700, 645 N.E.2d 1277, 1280, quoting *State v. Bernstein* (1937), 25 Ohio Law Abs. 291, 303, and *State v. Miller* (1989), 63 Ohio App.3d 479, 485–486, 579 N.E.2d 276, 280–281; see, also, 41 American Jurisprudence 2d (1995) 771–772, Indictments and Information, Section 160; 26 Ohio Jurisprudence 3d (1993) 471, Criminal Law, Section 1040. Cf. *State v. Boyatt* (1926), 114 Ohio St. 397, 151 N.E. 468.

Therefore, when a charging instrument is so general or so vague as to require a bill of particulars, the bill acts to clarify the vagueness and make more definite generalities contained in the indictment. The prosecutor, who is the author of the bill, is then limited to those facts alleged in the indictment and bill of particulars, and appellant's no contest plea goes to no more than those facts.

This method of proceeding complements a recent trend in rulings issued by Supreme Court of Ohio favoring pretrial disposition of legal issues which might be dispositive of a criminal case. That court has held that a plea of no contest does not preclude appellate consideration of issues raised in pretrial evidentiary motions when denial of the motion would be dispositive of the action. *State v. Engle* (1996), 74 Ohio St.3d 525, 528, 660 N.E.2d 450, 452–453 (Alice Robie Resnick, J., concurring); *State v. Ulis* (1992), 65 Ohio St.3d 83, 600 N.E.2d 1040; *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32. "[J]udicial economy is served by allowing the defendant to plead no contest and then to appeal the evidentiary ruling rather than completing the trial." *Engle*, citing *Kretz* at 4, 573 N.E.2d at 34–35, and *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 22–23, 573 N.E.2d 22, 24–26. The same has been held of denied pretrial motions to dismiss

based on a defendant's statutory right to a speedy trial. *Id.,* citing *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 171–172, 25 OBR 212, 213, 495 N.E.2d 581, 581–583; *State v. Luna* (1982), 2 Ohio St.3d 57, 58, 2 OBR 615, 615–616, 442 N.E.2d 1284, 1285–1286.

The policy favoring early determination of dispositive issues "applies not only to constitutional issues but also to nonconstitutional claims capable of determination without a trial on the general merits." *State v. Ulis, supra,* 65 Ohio St.3d at 85, 600 N.E.2d at 1041–1042. Further, we note that appellant's motion to dismiss here is in the nature of the old common-law demurrer, which would have allowed disposition of the case in this manner.[1]

Consequently, we conclude that appellant has preserved for appeal the issue of the appropriateness of the theft in office charge as that charge relates to the acts which he is alleged to have committed.

We turn now to the merits of appellant's second assignment of error. Appellant contends that, even if the facts alleged under the heading "Count Five" in the bill of particulars are true, no violation of R.C. 2921.41 has occurred.

R.C. 2921.41(A)(1) provides:

"(A) No public official or party official shall commit any theft offense, * * * when either of the following applies: (1) The offender uses the offender's office in aid of committing the offense or permits or assents to its use in aid of committing the offense[.]"

Appellant concedes as a police officer that he is a public official. R.C. 2921.01(A). He does not contest that the facts alleged constitute a theft offense. See R.C. 2913.01(K). What he denies is that he in any way "used" his office or permitted others to "use" his office in aid of committing a theft offense. Appellant maintains that the fact he was a police officer is only peripherally related to the alleged theft.

Appellee responds that, had appellant not been a police officer, he would not have been involved with a police-firefighters charity, would not have had access to any account at the Toledo Police Federal Credit Union, and could not have collected funds for charity while in uniform, on duty, and in a Toledo police vehicle. This is sufficient, the state contends, to constitute a "use" of office pursuant to R.C. 2921.41.

We have been able to find no authority directly on point as to what qualifies as "use" under the statute. However, the rationale expressed in *State v. Sakr*

---

1. The demurrer, abolished by the adoption of the Rules of Criminal Procedure, was a confession of the charge for the purpose of raising a question of law. *Picket v. State* (1872), 22 Ohio St. 405, 409.

(1995), 101 Ohio App.3d 334, 655 N.E.2d 760, cited by appellant, is instructive. Sakr was a state university professor who in 1988 served on a thesis committee that was to judge the work of his alleged victim. It was alleged that on the eve of the victim's thesis defense, Sakr attempted to use his status as a committee member to coerce the woman into having sex with him. As a result, Sakr was indicted for attempted rape, gross sexual imposition, and kidnapping. He moved to dismiss the charges on the grounds that the statute of limitations applicable to these crimes had run. When the trial court granted Sakr's motion, the state appealed, arguing that the statute of limitations should have been tolled by R.C. 2901.13(C), which contains a longer statute of limitations for prosecutions which involve misconduct in office by public servants.

The appellate court affirmed the dismissal, stating:

"While we hold that Sakr is a public servant because he is an employee of a public institution, we cannot, however, accept the conclusion the state urges upon us—that Sakr is a public servant guilty of 'misconduct in office'[.] We believe that by employing the term 'misconduct in office,' the legislature intended that, in order for the statute of limitations to be tolled, * * * the offense must involve such a palpable nexus between the auspices of the office and the wrongdoing that it constitutes an offense against justice and public administration as codified in R.C. Chapter 2921 * * *."

Such a nexus, the court concluded, had not been established for Sakr.

Appellee correctly distinguishes *Sakr* from the case at bar by pointing out that Sakr was not charged with any offense under Chapter 2921 and the *Sakr* court itself made such a distinction.

■ While appellee's technical distinctions are valid, the reasoning employed in *Sakr* is, nevertheless, persuasive. The legislature consciously separated theft in office from simple theft. As the committee comment to the original enactment of R.C. 2921.41 notes, "this section defines a species of 'aggravated' theft * * * [i]f the offender is a public servant * * * who either uses his office to commit or facilitate commission of the theft * * *" or steals public property or funds. Committee Comment to 134 v H511. The comments affirm the *Sakr* court's observation that there must be a "palpable nexus between the auspices of the office and the wrongdoing * * *."

■ In this case, no such nexus exists between the crime charged and appellant's position as a police officer. Appellant took neither public funds nor public property. Furthermore, Count 5 of the indictment concerns itself only with the improper withdrawal of "$211 in cash from the account"—in effect, an embezzlement of nonpublic monies. The fact that appellant had solicited contributions while in uniform, on duty, and in a city police car has little, if any,

relationship to a later improper withdrawal of funds from a private account. Finally, in following the time-honored maxim that criminal statutes should be narrowly construed against the state, see *State v. Young* (1980), 62 Ohio St.2d 370, 374, 16 O.O.3d 416, 418, 406 N.E.2d 499, 502, we conclude that the facts fail to establish a theft in office in violation of R.C. 2921.41.

Accordingly, appellant's second assignment of error is found well taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this opinion. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed.*

GLASSER, J., concurs.

ABOOD, J., dissents.

ABOOD, Judge, dissenting.

While I agree with the majority as to appellant's first assignment of error and as to the issue of whether the merits of his claim were preserved for appeal, I disagree with the majority's finding that the facts set forth in the indictment and the bill of particulars do not constitute an offense of "theft in office." I would affirm the judgment of the trial court.