[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] N U N C P R O T U N C
 OPINION
Defendant-appellant, Douglas Bidlack, appeals from a judgment of the Franklin County Municipal Court, whereby appellant was convicted of speeding in violation of R.C. 4511.21(C), operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a prohibited amount of alcohol in violation of R.C.4511.19(A)(3).
The above convictions arose out of appellant's conduct on State Route 750, Polaris Parkway, in the city of Columbus, Delaware County, on September 12, 1999. Appellant appeared before the Franklin County Municipal Court on December 1, 1999, to address the charges against him. Initially, appellant moved the trial court to dismiss all charges against him due to plaintiff-appellee, the city of Columbus, being unable to prove that venue was proper in the Franklin County Municipal Court. The trial court concluded that venue was proper and denied appellant's motion. Thereafter, appellant pled no contest to all the charges. The trial court accepted the plea and found appellant guilty of the three charges and sentenced appellant accordingly.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE STATE'S CHARGES AGAINST DEFENDANT DUE TO THE STATE'S FAILURE AND INABILITY TO PROVE VENUE.
We first address whether appellant preserved the venue issue in this case. Here, appellant raised the venue issue on the date the case was set for trial. Motions raising defenses based on defects in the institution of a prosecution must be raised within thirty-five days after arraignment or seven days before trial. Crim.R. 12(B)(1) and 12(C). However, in this case, we conclude that appellant did not waive the venue issue when he brought his motion before the trial court on the day of the trial. A trial court may extend the time period for raising such motions in the interest of justice. Crim.R. 12(C). In this case, we note that the trial court entertained the motion and ruled on the merits of the venue issue. Thus, we may properly conclude that the trial court allowed appellant to raise his motion on the day of the trial in the interest of justice.
After the trial court denied appellant's pretrial motion, he pled no contest to the charges against him. A plea of no contest does not preclude appellate consideration of issues raised in pretrial motions when denial of the motion would be dispositive of the action. Crim.R. 12(H); State v. Bowsher
(1996), 116 Ohio App.3d 170, 173-174 (allowing a defendant to appeal an adverse ruling on a motion to dismiss even though the defendant subsequently pled no contest to charges assessed against him); see, also, State v. Klunk (Nov. 8, 1983), Franklin App. No. 83AP-210, unreported (recognizing that Crim.R. 12[H] permits defendants pleading no contest to appeal prejudicial rulings on Crim.R. 12[B] pretrial motions). In this case, the trial court's ruling on appellant's pretrial motion allowed the case to continue and, thus, was dispositive of this action. Therefore, based on the above, we conclude that appellant did not waive his right to appeal the venue issue in this case when he pled no contest to the charges against him.
Having so concluded, we next address the merits of appellant's assignment of error. In his single assignment of error, appellant asserts that venue was not proper in the Franklin County Municipal Court because the offenses were committed in Delaware County. Thus, according to appellant, the trial court was required to dismiss this case because appellee failed to establish venue. We disagree.
Venue refers to the appropriate place of a criminal prosecution within the state of Ohio. State v. Williams (1988),53 Ohio App.3d 1, 5. Venue is a fact that must be proven beyond a reasonable doubt in criminal prosecutions unless the issue is waived by the defendant. State v. Beuke (1988), 38 Ohio St.3d 29,41; State v. Headley (1983), 6 Ohio St.3d 475, 477.
Appellant relies on Section 10, Article I of the Ohio Constitution to assert that venue was not proper in the Franklin County Municipal Court, which is located in Franklin County. Section 10, Article I of the Ohio Constitution states, in pertinent part:
 * * * In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *. * * *
Thus, according to appellant, Section 10, Article I of the Ohio Constitution dictates that venue was proper only in Delaware County because the offenses occurred in Delaware County. However, we conclude that this constitutional provision does not mandate that venue is proper only in the county where an offense occurred; rather, the provision requires that a defendant be tried by a jury comprised of residents of the county where an offense occurred. See State v. Chalikes (1930), 122 Ohio St. 35, paragraph two of the syllabus. Thus, Section 10, Article I of the Ohio Constitution does not compel us to conclude that venue was improper in the Franklin County Municipal Court.
R.C. 2901.12 defines venue for criminal prosecutions. Specifically, R.C. 2901.12(A) states that venue is proper in a particular court if the court has jurisdiction over the subject matter of the case and if the court is located "in the territory of which the offense or any element of the offense was committed."
We initially conclude that the Franklin County Municipal Court had jurisdiction over the subject matter of this case. R.C.1901.20 addresses subject matter jurisdiction for municipal courts and provides that municipal courts have jurisdiction over the types of traffic offenses charged against appellant.
We also conclude that appellant's criminal prosecution took place in a court located in the territory where he committed the offense. Appellant's offenses occurred within the corporate limits of the city of Columbus. In State v. Pausch (Jan. 28, 1999), Franklin App. No. 98AP-1096, unreported, we concluded that the Franklin County Municipal Court's territorial authority consists of Franklin County and all areas within the corporate limits of the city of Columbus.
Accordingly, we conclude that venue was proper in the Franklin County Municipal Court. As such, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
 ________________________ KENNEDY, J.
BOWMAN, P.J., and BROWN, J., concur.